Rob J. Crichton, WSBA #20471
Eric R. Laliberte, WSBA #44840
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900
rcrichton@kellerrohrback.com
elaliberte@kellerrohrback.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON AT RICHLAND

COLUMBIA ENERGY & ENVIRONMENTAL SERVICES, INC., a Delaware corporation,

    Plaintiff,

v.

BECHTEL NATIONAL, INC., a Nevada corporation,

    Defendant.

Case No. 4:22-cv-5097

COMPLAINT FOR DAMAGES

Plaintiff Columbia Energy & Environmental Services, Inc., by and through its undersigned attorneys, upon personal knowledge as to its actions and upon information and belief as to Defendant's actions, hereby asserts the following Complaint For Damages against Defendant Bechtel National, Inc.:

## I. PARTIES

1. Plaintiff Columbia Energy & Environmental Services, Inc. ("CEES") is a Delaware corporation with its principal place of business in Richland, Washington.

COMPLAINT FOR DAMAGES- 1

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

2. Defendant Bechtel National, Inc. ("BNI") is a Nevada corporation. BNI's principal place of business is believed to be located in the State of Virginia. BNI is a prime contractor to the U.S. Department of Energy ("DOE") Office of River Protection at Hanford in Washington.

## II.  JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Venue is proper in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b) because BNI resides in the Eastern District of Washington under 28 U.S.C. § 1391(c) and because a substantial part of the events giving rise to the claims alleged herein occurred in the Eastern District of Washington.

## III.  FACTS

5. On or about May 4, 2016, CEES entered into a master contract with BNI, for the supply and installation of Active Safety Process Gas Analyzers and related services under Purchase Order 24590-QL-POA-JA03-00006 Active Safety Process Gas Analyzers (the "Contract").

6. A true and correct copy of the General Conditions to the Contract is attached hereto as **Exhibit 1**.

COMPLAINT FOR DAMAGES- 2

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

7. On or about September 6, 2016, BNI notified CEES by written correspondence that BNI was terminating the Contract "for convenience." A true and correct copy of the foregoing written correspondence is attached hereto as **Exhibit 2.**

8. Section GC-19 of the Contract governs BNI's termination for convenience of the Contract.

9. Section GC-19 of the Contract provides that, upon BNI's termination for convenience, BNI was to pay to CEES (as Seller) the following:

> (1) all amounts due and not previously paid to SELLER for PRODUCT(S) completed in accordance with this PURCHASE ORDER prior to such notice, and for work thereafter completed as specified in such notice; (2) a reasonable amount for any PRODUCT(S) then in production; provided that no such adjustment shall be made in favor of SELLER with respect to any PRODUCT(S) which are SELLER'S standard stock; (3) reasonable costs of settling and paying claims arising out of the canceled orders; and (4) a reasonable profit for costs incurred in the performance of the work terminated; provided, however, that if it appears that the SELLER would have sustained a loss on the entire PURCHASE ORDER had it been completed, no profit shall be included.

10. On October 31, 2016, CEES provided BNI a written termination settlement proposal. A true and correct copy of CEES's termination settlement proposal and the attachments thereto are attached hereto as **Exhibit 3.**

11. BNI rejected CEES's termination settlement proposal and provided CEES a counter termination settlement proposal.

COMPLAINT FOR DAMAGES- 3

12. Thereafter, CEES and BNI were unable to negotiate a resolution of their dispute.

13. Section GC-24(c) of the Contract governs disputes between CEES and BNI arising out of the Contract, including disputes regarding payments owed to CEES by BNI following a termination for convenience.

14. Section GC-24(c) of the Contract provides as follows:

> If for any reason SELLER and BUYER are unable to negotiate a resolution of a Claim, SELLER or BUYER shall notify the other Party in writing that a dispute exists and request or provide a final determination by BUYER. Any such request by SELLER shall be clearly identified by reference to this clause and shall summarize the facts in dispute and SELLER'S proposal for resolution. With respect to Claims for equitable adjustment under any remedy granting clause under this PURCHASE ORDER, SELLER shall be deemed to have waived such Claim unless SELLER has requested resolution of the Claim under this clause within one year of the date that such Claim first arises or the Final Acceptance of the work under this PURCHASE ORDER, whichever occurs earlier.

15. On September 5, 2017, CEES provided BNI a Notice of Claim pursuant to Section GC-24(c) of the Contract. A true and correct copy of CEES's Notice of Claim is attached hereto as **Exhibit 4.**

16. CEES certified its Notice of Claim pursuant to Section GC-24(d) of the Contract.

17. CEES's Notice of Claim was timely and otherwise complied with the requirements of Section GC-24 of the Contract.

COMPLAINT FOR DAMAGES- 4

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

18. On December 21, 2017, BNI responded to CEES's Notice of Claim, stating that it could not substantiate certain costs included in CEES's claim and requesting that, CEES provide accounting records and/or other supporting data showing CEES's actual incurred costs.

19. Thereafter, CEES provided a revised termination settlement proposal to BNI with supporting data showing CEES's actual incurred costs as requested by BNI.

20. BNI responded to CEES's revised termination settlement proposal by claiming (for the first time) that BNI was required by its prime contract with DOE to audit CEES's revised termination settlement proposal.

21. BNI further stated in its response that, "If the third-party auditor confirms that CEES is entitled to payment of all or part of the costs claimed in its revised TSP, BNI will request DOE approval of the settlement amount."

22. Two days later, BNI again wrote to CEES, stating: "Just to be clear: . . . If the third party auditor concludes that CEES is entitled to payment of additional costs by virtue of the T4C [termination for convenience], BNI will seek DOE's approval of the settlement amount."

23. A true and correct copy of the foregoing correspondence from BNI referenced in Paragraphs 20-22 above is included in **Exhibit 5** attached hereto.

COMPLAINT FOR DAMAGES- 5

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

24. Thereafter, BNI and CEES agreed to use one of auditors suggested by BNI, CohnReznick LLP, to conduct an audit of CEES's costs.

25. CohnReznick LLP recommended that its audit be based on CEES's submission of Standard Form 1435 prescribed by FAR § 53.249(a)(2).

26. CEES and BNI agreed to CohnReznick LLP's recommendation to use Standard Form 1435 for the audit.

27. As agreed, CEES completed and submitted Standard Form 1435 to CohnReznick LLP, together with all necessary supporting information requested by the auditor. Attached hereto as **Exhibit 6** is a true and correct copy of CEES's transmittal email and its completed Standard Form 1435 attached to the transmittal email.

28. During the course of the audit, BNI began pressuring CohnReznick LLP to expand the scope of its audit. Specifically, BNI pressured CohnReznick LLP to base its audit on, and require CEES to provide, Standard Form 1436 instead of Standard Form 1435.

29. CEES objected to BNI's attempt to expand the scope of the agreed-upon audit.

30. CohnReznick LLP did not recommend expanding the scope of its audit.

COMPLAINT FOR DAMAGES- 6

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

31. On January 23, 2020, BNI unilaterally terminated CohnReznick LLP's audit because CEES would not agree to BNI's demand to expand the scope of the audit.

32. In February 2020, CEES invoked the dispute resolution process set forth in GC-24 of the Contract, demanding, *inter alia*, a meeting of the parties' senior executives designated with authority to settle the dispute.

33. Thereafter, in February 2020, representatives of CEES and BNI met to discuss the dispute.

34. At that meeting, BNI agreed to accept CEES's direct subcontracting costs and CEES's submission of the number of hours by labor categories.

35. BNI representatives, however, stated that BNI could not accept CEES's indirect rates for overhead and general and administrative costs without confirmation by an auditor that such charges were fair and reasonable.

36. BNI agreed to accept the results of an indirect rate audit that was already underway for work performed by CEES for Washington River Protection Solutions, LLC, another prime contractor at Hanford.

37. CEES's indirect rate audit for Washington River Protection Solutions, LLC was completed in August 2021.

38. The indirect rate audit did not result in any material change to CEES's indirect rates.

COMPLAINT FOR DAMAGES- 7

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

39. Specifically, for 2015 and 2016 (the two years relevant to CEES's claim with BNI), the audit found that, even if all cost items questioned by the auditor were resolved against CEES, CEES's contracted indirect rate would have been 0.88% lower in 2015 and 0.8% higher in 2016.

40. CEES delivered the results of the indirect rate audit to BNI on September 1, 2021.

41. Despite the completion of the indirect rate audit, BNI refused and continues to refuse to pay CEES amounts owed under the Contract.

42. BNI has informed CEES that, "BNI considers this matter closed."

## IV. PLAINTIFF'S CAUSES OF ACTION

**A.    First Cause of Action for Breach of Contract.**

43. The allegations of the above Paragraphs 1 through 42 are incorporated by reference herein with the same force and effect as if set forth in full.

44. By reason of the foregoing, BNI breached the Contract by failing to pay CEES amounts owed under the Contract.

45. By reason of the foregoing, BNI breached the Contract's implied covenant of good faith and fair dealing.

46. CEES has performed all of its obligations, express and implied, under the Contract.

COMPLAINT FOR DAMAGES- 8

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

47. At no time has CEES waived any of BNI's obligations under the Contract, or excused any of BNI's non-performance.

48. As a direct and proximate result of the foregoing, BNI is liable to CEES for breach of contract in an amount to be determined at trial, plus reasonable attorney's fees and court costs and pre-judgment interest at the rate of 12% per annum.

**B.    Second Cause of Action for Unjust Enrichment.**

49. The allegations of the above Paragraphs 1 through 42 are incorporated by reference herein with the same force and effect as if set forth in full.

50. The foregoing actions have conferred a benefit on BNI. BNI received and enjoyed such benefits under conditions where it would be inequitable for BNI to retain the benefits without paying the value there of. CEES is entitled to recover from BNI an amount equal to the value of such benefits conferred.

51. As a direct and proximate result of the foregoing, BNI is liable to CEES in an amount to be determined at trial, plus prejudgment interest at the rate of 12% per annum.

**C.    Third Cause of Action for Quantum Meruit.**

52. The allegations of the above Paragraphs 1 through 42 are incorporated by reference herein with the same force and effect as if set forth in full.

COMPLAINT FOR DAMAGES- 9

KELLER ROHRBACK L.L.P.
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

53. In the alternative to CEES's claim for Breach of Contract, CEES is entitled to recover from BNI, in quantum meruit, just, fair and reasonable compensation for services performed by CEES at BNI's request and for BNI's benefit, in an amount to be determined at trial, plus prejudgment interest at the rate of 12% per annum.

## V.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff CEES Energy & Environmental Services, Inc. respectfully requests that the Court enter judgment in favor of Plaintiff against the Defendant as follows:

A. For compensatory damages in an amount to be determined at trial;

B. For prejudgment interest at the statutory rate of 12% per annum;

C. For an award of attorney's fees and costs pursuant to contract, statute and court rule; and

D. For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 12th day of August, 2022.

KELLER ROHRBACK L.L.P

By  *s/ Rob J. Crichton*
     Rob J. Crichton, WSBA #20471

By  *s/ Eric R. Laliberte*
     Eric R. Laliberte, WSBA #44840
Attorneys for Plaintiff Columbia Energy & Environmental Services, Inc.

4863-9324-5222, v. 1

COMPLAINT FOR DAMAGES- 10