FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLUMBIA ENERGY & ENVIRONMENTAL SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BECHTEL NATIONAL, INC., <br><br> Defendant. | Case No. 4:22-CV-05097-MKD <br><br> STIPULATED PROTECTIVE ORDER <br><br> ECF No. 12 |

Defendant/Counterclaim Plaintiff Bechtel National, Inc. ("BNI") and Plaintiff Columbia Energy & Environmental Services, Inc. ("CEES") (collectively "the Parties"), by and through their respective counsel, conferred and agreed upon the terms governing confidential information in this case, and stipulate to entry by the Court of this Stipulated Protective Order.

STIPULATED PROTECTIVE ORDER - 1

# I. STIPULATION

## A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. This agreement does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and it does not presumptively entitle parties to file confidential information under seal.

## B. CONFIDENTIAL MATERIAL

### 1. Definition.

"Confidential Material" shall include the following documents and tangible things produced or otherwise exchanged: (1) the Parties' financial records not publicly filed with federal or state regulatory authorities and not contained within publicly available quarterly or annual reports; (2) the Parties' contractual agreements with general/prime contractors, subcontractors,

STIPULATED PROTECTIVE ORDER - 2

suppliers, vendors, and customers, as well as any documents or correspondence relating to the negotiation and/or interpretation of those contractual agreements; (3) the Parties' internal operating procedures policies, and manuals; (4) documents containing sensitive personal information of current or former employees; and (5) documents containing confidential or proprietary business information, including but not limited to trade secrets and sensitive financial information.  To the extent that any party contends that "Confidential Material" includes further categories of documents, the parties will engage in good faith discussions to determine whether those materials should be provided confidentiality under this order.

**2.    Scope.**

The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this agreement do not cover (1) information that is in the public domain or becomes part of the public domain through trial or other events not inconsistent with this Stipulation; (2)

STIPULATED PROTECTIVE ORDER - 3

information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality by the designating party; and (3) information generated or received by the receiving party.

Finally, any use of Confidential Material at trial shall be governed by a separate agreement or order

**C.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

**1.    Basic Principles.**

A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle the above-captioned litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**2.    Disclosure of "Confidential Material."**

Unless otherwise ordered by the Court or permitted in writing by the

STIPULATED PROTECTIVE ORDER - 4

designating party, a receiving party may disclose Confidential Material to only:

    (a)    the receiving parties' counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)    the named parties to the above-captioned lawsuit, as well as the officers, directors, and employees of the receiving party (including in house counsel) to whom disclosure is reasonably necessary for this litigation;

    (c)    the United States Department of Energy ("DOE"), the Office of River Protection ("ORP"), and any employees to whom it is reasonably necessary to disclose the information in relation to (1) this litigation, (2) any prime contract or subcontract relating to the Hanford Site, or (3) any applicable federal or state statute or regulation;

    (d)    consulting and testifying expert witnesses, including potential expert witnesses, to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Agreement attached as <u>Exhibit A</u> to this Protective Order;

STIPULATED PROTECTIVE ORDER - 5

(e)     fact witnesses or potential fact witnesses to whom disclosure is reasonably necessary for this litigation and who have signed the Confidentiality Agreement attached as <u>Exhibit A</u> to this Protective Order;

(f)     the court, court personnel, and court reporters and their staff;

(g)     mediators or settlement officers, and their supporting personnel, to the extent that disclosure is reasonably necessary for this litigation;

(h)     copy or imaging services retained by counsel to assist in the duplication of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     professional trial consultants and professional vendors to whom disclosure is reasonably necessary for this litigation and who have

STIPULATED PROTECTIVE ORDER - 6

signed the Confidentiality Agreement attached as <u>Exhibit A</u> to this Protective Order; and

(k)     other persons by written agreement of the parties.

**3.     Filing Confidential Material.**

Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall provide 10 days' notice to all parties, in writing. This notice shall include a copy of the Confidential Material that the filing party seeks to file and shall identify it by Bates Number.

Before the expiration of the 10-day notice period, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific Confidential Material at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

Although the filing party shall file the Confidential Material under seal pending the Court's decision, it need not make the requisite showing to seal. Rather, the party who designated the document as Confidential Material must

STIPULATED PROTECTIVE ORDER - 7

state (1) the applicable legal standard and (2) make the requisite showing for keeping the document under seal.  The designating party may make this showing in a motion to seal, in response to the filing party's motion to seal, or in a stipulated motion.

D. **DESIGNATING CONFIDENTIAL MATERIAL**

    1. **Exercise of Restraint and Care in Designating Material for Protection.**

Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

STIPULATED PROTECTIVE ORDER - 8

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**2.     Manner and Timing of Designations.**

**(a)     Documents.**  Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated when the material is disclosed or produced, by affixing the word "CONFIDENTIAL - Case No. 4:22-cv-05097" to each page that contains Confidential Material.

**(b)     Transcripts.**  Testimony during a deposition can be designated as confidential within fifteen (15) days after receiving a copy of the transcript. During that time period, a party or non-party deponent may designate specific portions of the testimony as containing "Confidential Material."  The specific designation shall be accomplished by a letter or similar written notification to the parties listing the pages, lines, and exhibits constituting "Confidential Material."  Those parts of each deposition or exhibit not so designated may be used without any of the restrictions provided in this Protective Order.

STIPULATED PROTECTIVE ORDER - 9

**3.     Inadvertent Failure to Designate.**  If timely corrected, then the failure to designed qualified documents or transcripts shall not waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**E.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**1.     Timing of Challenges; Meet and Confer.**  Any party or non-party may challenge a CONFIDENTIAL designation at any time by giving written notice to the parties.  The written notice shall identify the Confidential Material to which the objection is made and the basis for the objection.  The parties shall have fourteen (14) days from receipt of the written objection to meet and confer.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with the other affected parties in an effort to resolve the dispute without court action.  A good faith effort to confer requires a face-to-face meeting or telephone conference.

**2.     Judicial Intervention.**  If the parties cannot resolve a challenge without court intervention, then the designating party may file and serve a

STIPULATED PROTECTIVE ORDER - 10

motion to retain confidentiality. The burden of persuasion shall be on the designating party. Frivolous challenges, and those made for improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging parties to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**F.    INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein

**G.    NON TERMINATION AND RETURN OF DOCUMENTS**

**1.    Return of Documents.**  Within sixty (60) days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts, and summaries thereof. Alternatively, each receiving party shall destroy all such materials and certify to opposing counsel, in writing, that all such materials have been returned or destroyed.

STIPULATED PROTECTIVE ORDER - 11

**2. Archival Copies.** Notwithstanding the above provision, counsel are entitled to retain one archival copy of: all documents filed with the court; all trial, deposition, and hearing transcripts; all correspondence; all deposition and trial exhibits; all expert reports; attorney work product; and all consultant and expert work product, even if such materials contain "Confidential Material."

**3. Non Termination**. The obligations of this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. The Court shall retain jurisdiction over these parties, and every person who agrees to be bound by the terms of this Protective Order, for the purpose of ensuring compliance with the Protective Order and granting such other and further relief as may be necessary.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED October 21, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER - 12

# **EXHIBIT A**

# **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ [date] in the case of *Columbia Energy & Environmental Services, Inc. v. Bechtel National, Inc.,* Case No. 4:22-cv-05097. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of United States District Court for the Eastern District of Washington at Richland the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

4883-7483-9095, v. 1

STIPULATED PROTECTIVE ORDER - 13